James L. Buchal, OSB: 92161
MURPHY & BUCHAL LLP
2000 S.W. First Avenue, Suite 320
Portland, OR 97201
jbuchal@mbllp.com
Telephone: 503-227-1011
Facsimile: 503-227-1034

Attorney *Pro Hac Vice* for Plaintiff
Homer T. McCrary

Andrea M. Miller, SBN: 88992
NAGELEY, MEREDITH & MILLER, INC.
8001 Folsom Blvd., Suite 100
Sacramento, CA 95826
amiller@nmlsawfirm.com
Telephone: 916-386-8282
Facsimile: 916-386-8952

Attorney for Plaintiff
Homer T. McCrary

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HOMER T. MCCRARY,<br><br>    Plaintiff,<br>v.<br>CARLOS M. GUTIERREZ, *et al.*,<br><br>    Defendants. | Case No. CV 08-01592-RMW<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED ON EXISTING ADMINISTRATIVE RECORD AND BRIEFS<br><br>Date:   August 22, 2008<br>Time:   9:00 a.m.<br>Judge:  Hon. Ronald M. Whyte<br>Courtroom 6, 4th Floor |

**Notice of Motion and Motion**

PLEASE TAKE NOTICE that plaintiff's motion to direct the Clerk to transfer (or parties to re-file) the Administrative Record and Document Nos. 37, 42, 46 & 48 in *McCrary v. Guitierrez*,

1  No. C 06-04174JW (N.D. Cal. filed Jan. 12, 2006) here will be heard August 22, 2008, at 9:00 a.m.,
2  in Courtroom 6, 4th Floor, 280 South First Street, San Jose, CA  95113.
3        Plaintiff hereby moves the Court, pursuant to Rules 1 & 16 of the Federal Rules of Civil
4  Procedure, for an order directing the Clerk to transfer (or the parties to re-file)   the Administrative
5  Record and Document Nos. 37, 42, 46 & 48 in *McCrary v. Guitierrez*, No. C 06-04174JW (N.D.
6  Cal. filed Jan. 12, 2006) into this case.  As set forth below, plaintiff seeks such relief because this is
7  the very same case—with the threshold jurisdictional defect identified by defendants (lack of sixty-
8  day notice) now cured.  The prior case assembled and fully briefed the merits, and there is no reason
9  not to take up where we left off.
10       Plaintiff has conferred with defendants, who refuse to agree to the relief sought because,
11 among other things, they apparently seek to file a different administrative record in this case
12 notwithstanding their prior certification that the documents previously filed constitute "the true,
13 accurate, and complete AR considered by the Agency is making NMFS' 90-day finding on
14 plaintiff's petition".[1]  A proposed order is filed herewith.

15 **Points and Authorities**

16       Pursuant to its authority to list "distinct population segments" of animals, 16 U.S.C.
17 § 1532(10) (defining "species"), defendants have defined and listed geographically-based units of
18 the taxonomic species, coho salmon, called "evolutionarily significant units" (ESUs).  Plaintiff,
19 believing that defendants had erroneously extended the southern boundary of the Central California
20 Coast ESU into an area where the coho were not historically present and cannot survive (and that
21 efforts to do so threaten the genuinely native listed steelhead runs), petitioned defendants to move
22 the southern boundary north to San Francisco Bay.  Defendants rejected the petition, 71 Fed. Reg.
23 14,683 (Mar. 23, 2006), as lacking "substantial scientific or commercial evidence indicating the
24 petitioned action may be warranted", 16 U.S.C. §1533(b)(3)(A).
25       Plaintiff initially challenged defendants' rejection of the petition in McCrary v. Gutierrez,
26 No. C 06-04174JW (N.D. Cal. filed Jan. 12, 2006).  In the course of some skirmishes over the
27
28 ---
[1] Certificate of the Supplement to the Administrative Record in Case No. C 06-04174-JW.

PAGE 2    PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED ON EXISTING
           ADMINISTRATIVE RECORD AND BRIEFS                     Case No. CV-08-01592-RMW

1  completeness of the administrative record, defendants filed two compact disks containing that
2  record on November 27, 2006 and February 23, 2007 (Document Nos. 23 & 26), ultimately
3  producing an amended and repaginated administrative record filed with the Court on August 23,
4  2007 (no Document No. assigned).

5  The case proceeded through a full round of briefing on the merits through plaintiff's motion
6  for summary judgment and defendants' cross motion for summary judgment, including the
7  following pleadings:

8  Plaintiff's Notice of Motion, Motion and Points and Authorities in Support of Motion for Summary Judgment, August 17, 2007 (Document No. 37);

10  Defendants' Combined Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment and Memorandum of Points and Authorities in Support Thereof, October 1, 2007 (Document No. 42);

12  Plaintiff's Combined Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment, October 31, 2007 (Document No. 46); and

14  Defendants' Reply in Support of its Combined Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment, November 14, 2007 (Document No. 48).

16  In addition to briefing the merits, these briefs also addressed a novel argument of defendants: that
17  plaintiff's challenged to NMFS' weighing of the substantiality of the petition was a challenge to
18  failure to perform a duty "which is not discretionary with the Secretary" within the meaning of 16
19  U.S.C. § 1540(g)(1)(C), thereby triggering a sixty-day notice requirement.

20  On December 6, 2007, this Court agreed with defendants and dismissed the initial case
21  without prejudice. Plaintiff thereafter gave the requisite notice, waited the requisite sixty-days, and
22  filed this suit. The complaint is for all practical purposes identical with the complaint filed last time
23  around. Inasmuch as it attacks the very same federal decision, the Administrative Record must be
24  identical as well.

25  Rule 1 of the Federal Rules of Civil Procedure declares that the Rules "should be construed
26  and administered to secure the just, speedy, and inexpensive determination of every action and
27  proceeding". Rule 16 affords the Court authority for "determining the appropriateness and timing

1 of summary adjudication under Rule 56", as well as general authority for "avoiding unnecessary
2 proof and cumulative evidence", to implement Rule 1.  *See, e.g.,* Rule 16(c)(2)(D), (E), & (P).
3    Pursuant to these rules and its inherent authority, the Court can require the Clerk to transfer
4 the above-listed documents (the Administrative Record volumes and Document Nos. 37, 42, 46 &
5 48), or direct the parties to refile them, and proceed directly to resolve the merits of the case on
6 summary judgment.  Inasmuch as the same decision remains at issue on the same record with the
7 same arguments of parties, there is no proper purpose for treading the same ground again, only
8 additional cost and delay.
9    To the extent that defendants wish to present additional argument, if, for example, there are
10 additional opinions to bring to the attention of the Court, the Court might grant defendants leave to
11 file a single additional brief, with an appropriate opportunity to respond for plaintiff, who has the
12 burden of proof in this matter.
13    Plaintiff is over eighty years old and has been seeking fair consideration of his petition since
14 it was lodged with NMFS on November 12, 2003.  There is no just cause for delay of this action
15 through months of additional, redundant briefing.

16 **Conclusion**

17    For the foregoing reasons, the Court should either (1) direct the Clerk to transfer the above-
18 cited materials into the record of this case or (2) direct the parties to refile such documents, so as to
19 facilitate its speedy and economical resolution on the merits.
20    Dated: July 2, 2008.
21
22
23            Respectfully submitted,
24
            */s/ James L. Buchal*
25            James L. Buchal OSB #92161
            Attorney for Plaintiff, *Pro Hac Vice*
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed the foregoing "Plaintiff's Notice of Motion and Motion to Proceed on Existing Administrative Record and Briefs" with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorney of record:

Robert P. Williams, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
tel: (202) 305-0206
fax: (202) 305-0275
robert.p.williams@usdoj.gov

Dated: July 2, 2008

By: */s/ Carole A. Caldwell*
    Carole A. Caldwell