RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
ROBERT P. WILLIAMS, Trial Attorney (SBN 474730 (DC))
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0206
Facsimile: (202) 305-0275

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOMER T. MCCRARY, | Case No. 08-cv-1592-RMW |
| Plaintiff, | **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ON EXISTING ADMINISTRATIVE RECORD AND BRIEFS** |
| v. | |
| CARLOS M. GUTIERREZ, ET AL., | |
| Defendants. | Date: August 22, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Ronald M. Whyte<br>Courtroom 6, 4th Floor |

Federal Defendants Carlos Gutierrez, United States Secretary of Commerce, the National Marine Fisheries Service ("NMFS"), and Russ M. Strach, NMFS Assistant Regional Administrator of the Protected Resources Division of the Southwest Region (collectively referred to as "NMFS"), respectfully submit this opposition to Plaintiff's motion to proceed on existing administrative record and briefs (Dckt. No. 11). Plaintiff's motion asks this Court to give Plaintiff's case expedited consideration by circumventing the normal litigation process and proceeding straight to disposition on summary judgment based on briefs that were filed nearly a year ago in a previous case, save for a "single additional brief." Pl's Mot. at 4. Simply stated,

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs

Plaintiff's motion is not in accordance with established Ninth Circuit precedent or the Federal Rules of Civil Procedure and therefore should be denied. NMFS has proposed an expedited briefing schedule for this case that is eminently reasonable. A proposed order is attached.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Pacific salmon in California and the Pacific Northwest have suffered broad declines over the past one hundred years, prompting NMFS to list numerous Evolutionarily Significant Units ("ESUs") of coho salmon as endangered or threatened under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*. In 1996, NMFS determined that the central California coast ESU ("Central California ESU")[1] was a "threatened" species due to the sharp decline in abundance – from 50,000 to 125,000 native coho salmon in the 1940s to less than 6,000 – and due to numerous and varied threats to naturally-reproducing coho salmon posed by human activities, such as habitat degradation, harvest, water diversions, and artificial propagation, which exacerbate the adverse effects of natural environmental variability from drought and poor ocean conditions. 61 Fed. Reg. 56138 (Oct. 31, 1996). Since its initial listing in 1996, the Central California ESU has continued to decline and is now "in danger of extinction," prompting NMFS to reclassify its listing status in June 2005 from threatened to endangered. 70 Fed. Reg. 37160, 37192-93 (June 28, 2005).

Despite the fact that the Central California ESU is in danger of extinction, through this litigation, Plaintiff seeks to remove ESA protections for coho salmon located south of San Francisco Bay. Plaintiff owns land and timber interests along the California coast south of San Francisco and alleges that protection of the Central California ESU under the ESA is causing him economic loss. After carefully considering Plaintiff's delisting petition, NMFS found, pursuant to ESA § 4(b)(3)(A), that Plaintiff's petition did not present "substantial scientific or commercial information indicating that the petitioned action may be warranted." 71 Fed. Reg.

---

[1] The Central California ESU extends from Punta Gorda in northern California to the San Lorenzo River in Santa Cruz, California, and includes coho salmon populations from several tributaries of San Francisco Bay (*e.g.*, Corte Madera and Mill Valley Creeks). 60 Fed. Reg. 38011, 38016 (July 25, 1995).

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs            2

14683 (Mar. 23, 2006). NMFS' finding is rational, supported by the administrative record, and therefore should be upheld under the Administrative Procedure Act's ("APA"), 5 U.S.C. § 701, *et seq.*, deferential standard of review.

The procedural history of the litigation over NMFS' finding on Plaintiff's petition has been one of Plaintiff's missteps and noncompliance with the ESA. Plaintiff filed suit in 2006 in the Eastern District of California, which is home to neither coho salmon, Plaintiff, nor NMFS' offices where Plaintiff's petition was evaluated. The court therefore found that transfer to the Northern District of California was "abundantly justified," and granted NMFS' motion to transfer the case to the Northern District of California. *McCrary v. Gutierrez*, No. 2:06-cv-0086-MCE-KJM, 2006 WL 1748410 (E.D. Cal. June 23, 2006). Despite the fact that Plaintiff's claim is subject to review on an administrative record pursuant to the APA, once in the Northern District, Plaintiff proceeded to propound discovery requests upon NMFS and then moved to compel further responses. Plaintiff's motion was without merit and accordingly was denied. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038 (N.D. Cal. 2007). Plaintiff's lawsuit ultimately was dismissed without prejudice in December 2007 for lack of jurisdiction because Plaintiff had failed to comply with the ESA's requirement to provide 60-days written notice of his intent to sue, 16 U.S.C. § 1540(g)(2)(C). *McCrary v. Gutierrez*, 528 F. Supp. 2d 995 (N.D. Cal. 2007). Plaintiff filed the instant lawsuit in March 2008 after providing written notice of his intent to sue, however Plaintiff neglected to serve NMFS with the complaint for some three months, until June 2008.[2/] Plaintiff asserts that this is the "very same case" as the previous case. Pl's Mot. at 2.

Against this procedural backdrop of Plaintiff's conduct in this litigation that is responsible for any delay in the resolution of his claim – filing suit in an inappropriate venue, seeking discovery, failing to comply with the ESA's notice provision, and failing to serve his

---

[2/] Federal Rule of Civil Procedure 12(a)(2) provides that a United States agency or a United States officer or employee sued in an official capacity must file an answer to a complaint "within 60 days after service on the United States attorney." As of the date of this filing, the docket does not indicate that service has been made upon the United States attorney.

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs                3

new complaint for three months – Plaintiff now asks this Court to give his case expedited consideration by circumventing the normal litigation process and proceeding straight to disposition on summary judgment based on briefs that were filed nearly a year ago in the previous case, save for a "single additional brief." Pl's Mot. at 4.  As explained below, Plaintiff's motion contravenes established Ninth Circuit precedent and the Federal Rules of Civil Procedure, and is contrary to the interests of justice.  NMFS has proposed an expedited briefing schedule that is eminently reasonable under the circumstances of this case.

**II.    ARGUMENT**

    **A.    The Instant Lawsuit is a New Case, Unrelated to the Previous Action.**

It is well-established in the Ninth Circuit that dismissal without prejudice "'leaves the situation as if the action never had been filed,' which "means that 'any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action.'" *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (citations omitted); *see also Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) ("A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed").  This is true whether the dismissal was voluntary or involuntary.  *Biomedical Patent Management Corp. v. California Dept. of Health*, No. C 06-00737 MHP, 2006 WL 1530177, at *4 (N.D. Cal. 2006).  There is no dispute that Plaintiff McCrary's first lawsuit was dismissed without prejudice.  *McCrary v. Gutierrez*, 528 F. Supp. 2d at 999.  Thus, the instant case is a new lawsuit that should be governed according to the ordinary litigation process under the Federal Rules of Civil Procedure.

First, Federal Rule 12(a)(2) provides the United States with 60 days after it is served with the complaint to file a responsive pleading.  In this case, NMFS was served with the complaint on June 16, 2008, making NMFS's responsive pleading due on or before August 15, 2008.  August 15 also is the date for which the Case Management Conference in this case is currently

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs                4

scheduled.[3] Dckt. No. 17. As a practical matter, NMFS would be prejudiced were it not granted the time allowed under Rule 12 because, in addition to the instant case, which involves detailed discussion of complex facts and legal authorities, undersigned counsel for NMFS has the lead on four other cases that have required counsel to meet multiple deadlines during the time scheduled for the preparation of NMFS' responsive pleading in this case: *Center for Biological Diversity v. USFWS*, No. C 08-01278-MHP (N.D. Cal.); *Scott Van Valin et al. v. Gutierrez et al.*, No. 1:08-cv-941 (D.D.C.); *Alliance for the Wild Rockies v. U.S. Forest Service et al.*, No. CV. 07-150-M-DWM (D. Mont.); *Center for Biological Diversity v. USFWS*, CV 03-29-DWM (D. Mont.). Additionally, undersigned counsel for NMFS was out of the country on personal leave from July 9-21, and will be out of the office on personal leave July 30 until August 4. In addition to being afforded time to file a responsive pleading under Rule 12, because the instant case is a new case, NMFS is entitled to a reasonable amount of time to evaluate Plaintiff's new complaint and ensure that it has compiled the administrative record that is appropriate for this case. This is an APA record review case, and as such NMFS must file the administrative record upon which the Court will base its judicial review of the challenged agency action. *See* 5 U.S.C. § 706 (noting, in pertinent part, that "[i]n making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party").

Once NMFS has filed its answer and the administrative record, the case will be ripe for disposition on cross-motions for summary judgment pursuant to Federal Rule 56(b). Plaintiff's present motion seeks to hold NMFS to briefs from the previous case that are now nearly a year old, save for a "single additional brief." Pl's Mot. at 4. Contrary to Plaintiff's assertion, NMFS should have the opportunity to update its previous briefs with recent case law authority and otherwise refine the arguments made in its previous briefs. Plaintiff's desire for expedited consideration of his new lawsuit should not preclude NMFS from updating its briefs, particularly

---

[3] The Parties have filed a joint stipulation to continue the Case Management Conference to August 22, 2008 and have sought leave of Court to appear at the Conference and the hearing on the instant motion by telephone. *See* Dckt. No. 19.

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs        5

given that Plaintiff's own conduct in this litigation is responsible for any delay, as explained above.

### B. NMFS Has Proposed a Reasonable, Expedited Schedule for this Case.

As explained above, the instant case is a new lawsuit that should be governed according to the Federal Rules of Civil Procedure. Specifically, NMFS should have the opportunity to file a responsive pleading to Plaintiff's new complaint, an administrative record, and updated summary judgment briefs. Undersigned counsel for NMFS will be on personal leave from September 17-29 for his wedding and honeymoon. Given Plaintiff's stated interest in expedited consideration of this case and his willingness to forego filing a new opening summary judgment brief, and the schedule of undersigned counsel for NMFS, NMFS is willing to adhere to the following expedited litigation schedule, in the spirit of compromise:

| | |
|---|---|
| August 15: | NMFS files answer to complaint and administrative record |
| August 22: | Plaintiff files motion for summary judgment |
| September 16: | NMFS files combined opposition/cross-motion for summary judgment |
| September 30: | Plaintiff files combined opposition/reply |
| October 15: | NMFS files reply |

NMFS submits that the expedited litigation schedule above is reasonable under the circumstances of this case.

## III.  CONCLUSION

For the reasons set forth above, NMFS respectfully moves the Court to deny Plaintiff's motion to proceed on existing administrative record and briefs and to adopt the aforementioned schedule, as set forth in the proposed order attached hereto.

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs                6

Respectfully submitted: July 30, 2008

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief

/s/  *Robert P. Williams*
ROBERT P. WILLIAMS, Trial Attorney (SBN 474730 (DC))
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0206
Facsimile: (202) 305-0275

***Attorneys for Federal Defendants***

*McCrary v. Gutierrez et al.*, Case No. 08-cv-1592-RMW
FD's Opp. to Pl's Mot. to Proceed on Existing
Admin. Record and Briefs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOMER T. MCCRARY, ) ) Plaintiff, ) ) v. ) ) CARLOS M. GUTIERREZ, ET AL., ) ) Defendants. ) ) _____) | Case No. 08-cv-1592-RMW **[PROPOSED] ORDER** |

Having considered Plaintiff's motion to proceed on existing administrative record, Federal Defendants' opposition thereto, and Plaintiff's reply, and the arguments presented by the parties at the motions hearing held on August 22, 2008,

IT IS HEREBY ORDERED that Plaintiff's motion to proceed on existing administrative record is DENIED. It is further ORDERED that the following schedule shall be in effect:

| | |
|---|---|
| August 15: | Federal Defendants' answer to complaint and administrative record |
| August 22: | Plaintiff's motion for summary judgment |
| September 16: | Federal Defendants' combined opposition/cross-motion for summary judgment |
| September 30: | Plaintiff's combined opposition/reply |
| October 15: | Federal Defendants' reply. |

IT IS SO ORDERED.

Dated: July___, 2008

 _____
 RONALD M. WHYTE
 U.S. District Judge