RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief
ROBERT P. WILLIAMS, Trial Attorney
Wildlife & Marine Resources Section
United States Department of Justice
Environment & Natural Resources Division
Benjamin Franklin Station - P.O. Box 7369
Washington, D.C. 20044-7369
Telephone No: (202) 305-0210
Facsimile No: (202) 305-0275
Email: robert.p.williams@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER T. MCCRARY, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS M. GUTIERREZ, ET AL., <br><br> Defendants. | No. CV-08-01592-RMW-HRL <br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Carlos Gutierrez, in his official capacity as United States Secretary of Commerce, the National Marine Fisheries Service ("NMFS"), and Russ M. Strach, in his official capacity as NMFS Assistant Regional Administrator of the Protected Resources Division of the Southwest Region (collectively "Defendants"), by and through their undersigned counsel, answer Plaintiff's Complaint as follows:

**Parties and Jurisdiction**

1. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1, and on that basis deny the

1   allegations. The allegations contained in the second sentence of Paragraph 1 constitute a
2   conclusion of law to which no response is required.
3   2.  Defendants admit the allegations contained in Paragraph 2 that Carlos M. Gutierrez is the
4   U.S. Secretary of Commerce, that the National Marine Fisheries Service ("NMFS") is a
5   subunit of the U.S. Department of Commerce, and that Russ M. Strach is the Assistant
6   Regional Administrator of the Protected Resource Division of the Southwest Region of
7   NMFS. The remaining allegations contained in Paragraph 2 constitute conclusions of law to
8   which no response is required. To the extent a response is necessary, Defendants deny the
9   remaining allegations contained in Paragraph 2.
10  3.  The allegations contained in Paragraph 3 constitute conclusions of law, which do not require
11  a response.

**FIRST CLAIM FOR RELIEF: CITIZEN SUIT UNDER ENDANGERED SPECIES ACT**

13  4.  Defendants incorporate by reference, repeat, and respond as though set forth in this place,
14  each and every response contained in Paragraphs 1 through 3, inclusive.
15  5.  The allegations contained in Paragraph 5 consist of Plaintiff's description of the nature of his
16  lawsuit and no response is required. To the extent a response is required, Defendants deny
17  each of the allegations.
18  6.  The allegations contained in Paragraph 6 consist of Plaintiff's description of the nature of his
19  lawsuit that requires no response. To the extent a response is required, Defendants deny
20  each of the allegations.
21  7.  The allegations contained in Paragraph 7 purport to describe the Endangered Species Act
22  ("ESA"), a statute that speaks for itself and is the best evidence of its contents. Any
23  allegations contrary to its plain language, meaning, and context are denied.
24  8.  The allegations contained in the first sentence of Paragraph 8 purport to describe the contents
25  of a Senate Report, a document that speaks for itself and is the best evidence of its contents.
26  Any allegations contrary to its plain language, meaning, and context are denied. Except to
27  admit that Defendants have listed only distinct population segments of Pacific Salmon,

1   Defendants deny the allegations contained in the second sentence of Paragraph 8.
2   Defendants deny the allegations contained in the third sentence of Paragraph 8.

9. The allegations contained in Paragraph 9 purport to characterize NMFS' "Policy on Applying the Definition of Species Under the [ESA] to Pacific Salmon," found at 56 Fed. Reg. 58612 (Nov. 20, 1991) ("ESU Policy"), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

10. The allegations contained in Paragraph 10 purport to characterize the joint NMFS and U.S. Fish and Wildlife Service ("FWS") "Policy Regarding the Recognition of Distinct Vertebrate Population Segments under the [ESA]," found at 61 Fed. Reg. 4722 (Feb. 7, 1996) ("DPS Policy"), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

11. The allegations contained in the first sentence of Paragraph 11 purport to describe the DPS and ESU Policies, documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny the allegations in the second sentence of Paragraph 11. The third sentence of Paragraph 11 purports to quote from, and characterize the contents of, a NOAA Technical Memorandum entitled "Definition of "Species" Under the Endangered Species Act: Application to Pacific Salmon," by Robin S. Waples, dated March, 1991, a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the fourth sentence of Paragraph 11.

12. The allegations contained in Paragraph 12 purport to quote from, and characterize the contents of, NMFS' final listing rule for Central California Coast Coho, found at 61 Fed. Reg. 56138 (Oct. 31, 1996), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

13. The allegations contained in Paragraph 13 purport to describe NMFS' "Proposed Threatened

*McCrary v. Gutierrez et al.*, No. CV-08-1592-RMW-HRL
Defs' Answer to Complaint                    3

1  Status for Three Contiguous ESUs of Coho Salmon Ranging From Oregon Through Central
2  California," found at 60 Fed. Reg. 38011 (July 25, 1995), a document that speaks for itself
3  and is the best evidence of its contents. Any allegations contrary to its plain language,
4  meaning, and context are denied.

5  14. Defendants admit that they received a petition from Plaintiff on November 12, 2003, a
6  document that speaks for itself and is the best evidence of its contents.

7  15. The allegations contained in the first sentence of Paragraph 15 purport to quote from the
8  ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations
9  contrary to its plain language, meaning, and context are denied. The allegations contained in
10  the second sentence of Paragraph 15 purport to quote from the ESA's implementing
11  regulations, found at 50 C.F.R. § 424.14(b)(1), regulations that speaks for themselves and are
12  the best evidence of their contents. Any allegations contrary to their plain language,
13  meaning, and context are denied.

14
15  16. The allegations contained in Paragraph 16 purport to describe NMFS' final listing rule for
16  Central California Coast Coho, found at 70 Fed. Reg. 37160 (June 28, 2005), a document
17  that speaks for itself and is the best evidence of its contents. Any allegations contrary to its
18  plain language, meaning, and context are denied.

19  17. The allegations contained in the first sentence of Paragraph 17 purport to describe the nature
20  of Plaintiff's previous lawsuit against Defendants, and no response is required. To the extent
21  a response is required, Defendants deny each of the allegations. The remaining allegations
22  contained in Paragraph 17 purport to quote from, and characterize the contents of, a *Federal*
23  *Register* notice entitled "90-Day Finding on Petition to Redefine the Southern Extent of the
24  Central California Coho Salmon Evolutionarily Significant Unit" ("90-Day Finding"), found
25  at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best
26  evidence of its contents. Any allegations contrary to its plain language, meaning, and
27  context are denied.
28

18. The allegations contained in Paragraph 18 purport to describe the nature of Plaintiff's previous lawsuit against Defendants, and no response is required. To the extent a response is required, Defendants deny each of the allegations.

19. Defendants admit the allegations contained in the first sentence of Paragraph 19. The allegations in the second sentence purport to characterize the court's order dismissing Plaintiff's previous lawsuit against Defendants, an order that speaks for itself and is the best evidence of its contents. Any allegations contrary to the order's plain language, meaning, and context are denied. The allegations in the third sentence purport to describe the nature of Plaintiff's lawsuit, and no response is required. To the extent a response is required, Defendants deny each of the allegations.

20. The allegations contained in the first sentence of Paragraph 20 purport to describe NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations contained in the second sentence of Paragraph 20 consist of conclusions of law, which do not require a response. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations contained in the third sentence of Paragraph 20.

21. The allegations contained in the first sentence of Paragraph 21 purport to describe NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the second sentence of Paragraph 21.

22. The allegations contained in Paragraph 22 purport to characterize the contents of Plaintiff's petition as well as NMFS' "initial listing of the Central California Coast coho salmon," documents that speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny the allegations.

*McCrary v. Gutierrez et al.*, No. CV-08-1592-RMW-HRL
Defs' Answer to Complaint                    5

23. The allegations contained in the first and third sentences of Paragraph 23 purport to characterize the contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second sentence of Paragraph 23 purport to describe the contents of NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

24. The allegations contained in the first sentence of Paragraph 24 purport to characterize the contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second and third sentences of Paragraph 24 purport to describe the contents of NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

25. The allegations contained in the first sentence of Paragraph 25 purport to characterize the contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second sentence of Paragraph 25 purport to describe the contents of NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

26. The allegations contained in the first sentence of Paragraph 26 purport to characterize the contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second sentence of Paragraph 26 purport to quote from, and characterize the contents of, the contents of NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. To the extent a response is required, Defendants deny the allegation in the second sentence of this paragraph that NMFS' analysis was "arbitrary and capricious, because, among other things, the model did not account at all for the factors stressed by plaintiff." Defendants deny the allegations contained in the third sentence of Paragraph 26.

27. The allegations contained in the first sentence of Paragraph 27 purport to quote from, and characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the second sentence of Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. The allegations contained in the first, second, third, and fourth sentences of Paragraph 29 purport to quote from, and characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the fifth sentence of Paragraph 29.

30. The allegations contained in the first and second sentences of Paragraph 30 purport to quote from, and characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the third sentence of Paragraph 30.

31. The allegations contained in the first sentence of Paragraph 31 purport to characterize the contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations. The

1   allegations contained in the second sentence of Paragraph 31 purport to quote from, and
2   characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed.
3   Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its
4   contents.  Any allegations contrary to its plain language, meaning, and context are denied.
5   Defendants deny the allegations contained in the third, fourth, and fifth sentences of
6   Paragraph 31.

7   32. The allegations contained in the first sentence of Paragraph 32 purport to characterize the
8   contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of
9   its contents.  To the extent a response is required, Defendants deny the allegations.
10  Defendants deny the allegations in the second and third sentences of Paragraph 32.

11  33. Defendants deny the allegations contained in the first sentence of Paragraph 33.  The
12  allegations contained in the second sentence of Paragraph 33 purport to quote from, and
13  characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, a document that
14  speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain
15  language, meaning, and context are denied.  Defendants deny the allegations contained in the
16  third sentence of Paragraph 33.

17  34. The allegations contained in the first sentence of Paragraph 34 purport to quote from, and
18  characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed.
19  Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its
20  contents.  Any allegations contrary to its plain language, meaning, and context are denied.
21  Defendants deny the allegations contained in the second, third, fourth, and fifth sentences of
22  Paragraph 34.

23  35. The allegations contained in the first sentence of Paragraph 35 purport to quote from NMFS'
24  90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a
25  document that speaks for itself and is the best evidence of its contents.  Any allegations
26  contrary to its plain language, meaning, and context are denied.  Defendants deny the

1  remaining allegations in the first sentence of Paragraph 35. Defendants deny the allegations contained in the second sentence of Paragraph 35.

36. The allegations contained in the first sentence of Paragraph 36 purport to characterize the contents of Plaintiff's petition, a document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations contained in the second sentence of Paragraph 36.

37. The allegations contained in the first clause of the first sentence of Paragraph 37, and in the first clause of the second sentence of Paragraph 37, purport to quote from NMFS' 90-Day Finding on Plaintiffs' petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the remaining allegations contained in the first and second sentences of Paragraph 37.

38. The allegations contained in the first sentence of Paragraph 38 purport to quote from, and characterize the contents of, NMFS' 90-Day Finding on Plaintiff's petition, found at 71 Fed. Reg. 14683 (Mar. 23, 2006), a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the second sentence of Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

**SECOND CLAIM FOR RELIEF: ADMINISTRATIVE PROCEDURE ACT**

43. Defendants incorporate by reference, repeat, and respond as though set forth in this place, each and every response contained in Paragraphs 1 through 42, inclusive.

44. Defendants deny the allegations contained in Paragraph 44.

**PRAYER FOR RELIEF**

The remainder of the complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief requested in their Prayer for Relief, or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation set forth in paragraphs 1 through 44 unless specifically admitted above.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. This court lacks jurisdiction over some or all of Plaintiff's claims.

3. Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

4. Wherefore, Defendants request that the Court dismiss the complaint in its entirety.

Respectfully submitted: August 15, 2008

    RONALD J. TENPAS
    Assistant Attorney General
    Environment & Natural Resources Division

    JEAN E. WILLIAMS, Chief
    LISA L. RUSSELL, Assistant Chief

    /s/ Robert P. Williams
    ROBERT P. WILLIAMS, Trial Attorney (SBN 474730 (DC))
    U.S. Department of Justice
    Environment & Natural Resources Division
    Wildlife & Marine Resources Section
    Ben Franklin Station, P.O. Box 7369
    Washington, D.C. 20044-7369
    Telephone: (202) 305-0206
    Facsimile: (202) 305-0275

    *Attorneys for Federal Defendants*

OF COUNSEL:
Deanna Harwood
NOAA, Office of General Counsel
501 W. Ocean Blvd., Suite 4470
Long Beach, CA  90802

*McCrary v. Gutierrez et al.*, No. CV-08-1592-RMW-HRL
Defs' Answer to Complaint