**E-FILED on**   9/8/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOMER T. MCCRARY,<br><br>        Plaintiff,<br><br>   v.<br><br>CARLOS M. GUTIERREZ, et al.,<br><br>        Defendants. | No. C-08-01592 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED ON THE EXISTING BRIEFS<br><br>**[Re Docket No. 11]** |

      Homer T. McCrary ("plaintiff") filed this action against Carlos M. Gutierrez, the National Marine Fisheries Service ("NMFS"), and Russ M. Strach, alleging that defendants acted contrary to the procedural provisions of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. This is the second action plaintiff has filed against these defendants. His first action, Case No. 06-04174-JW, was previously dismissed for lack of jurisdiction after the parties had filed and briefed cross-motions for summary judgment. Plaintiff seeks to proceed on the existing administrative record and asks the court to rule on the cross-motions as previously briefed in the prior case. Defendants oppose plaintiff's motion to the extent that plaintiff seeks a ruling on the previously-briefed cross-motions, asserting that the parties should be permitted to refile and rebrief the cross-motions for summary judgment. The court finds

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED ON THE EXISTING BRIEFS—No. C-08-01592 RMW
MAG

1 this motion appropriate for submission without oral argument. *See* Civ. L.R. 7-1(b). Based on the
2 papers submitted to date, the court denies plaintiff's motion.

## I. BACKGROUND

NMFS has listed numerous Evolutionarily Significant Units ("ESUs") of coho salmon as endangered or threatened under the ESA. One of these ESUs is defined as including the central California coast ("Central California ESU"). Plaintiff is an individual who owns land and timber interests along the California coast south of San Francisco. He claims that the protection of the Central California ESU under the ESA is causing him economic loss and thus seeks to redefine the Central California ESU to exclude areas south of the San Francisco Bay. To that end, on November 6, 2003, plaintiff filed a "Petition to Redefine the Southern Extent of the Central California Coho ESU" with the NMFS seeking to "exclude that portion of the ESU south of San Francisco Bay" from protection under the ESA.

In July 2004, the NMFS's Southwest Fisheries Science Center denied plaintiff's request, finding that "Scientific evidence does not support the petitioners' request to exclude the area south of San Francisco" from the Central California ESU. After his request was denied, plaintiff filed suit in the Eastern District of California. That action was eventually transferred to the Northern District of California and assigned to Judge Ware as Case No. 06-04174-JW. The parties agreed that the case was amenable to disposition by cross-motions for summary judgment based on the administrative record and submitted papers in support of their cross-motions. In December 2007, Judge Ware dismissed plaintiff's complaint without prejudice for lack of jurisdiction because plaintiff had failed to comply with the requirement to provide 60 days' written notice of his intent to sue. *See McCarry v. Guiterrez*, 528 F. Supp. 2d 995 (N.D. Cal. 2007) (Ware, J.) (citing 16 U.S.C. § 1540(g)(2)(C)).

After giving defendants appropriate notice, plaintiff refiled his complaint, which is now before the court as Case No. 08-01592-RMW.

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED ON THE EXISTING BRIEFS—No. C-08-01592 RMW
MAG                                                                              2

## II. ANALYSIS

The sole issue for the court is whether the parties should proceed on the cross-motions for summary judgment as briefed before Judge Ware in Case No. 06-04174-JW.[1] Plaintiff argues that defendants' position that rebriefing the cross-motions is necessary is unreasonable because the administrative record is identical and any changed circumstances could be addressed by the parties submitting a single supplemental brief. Defendants contend that this is a new action even if based on the same administrative record, and as such should be treated as a new case for all purposes, including permitting renewed briefing on the cross-motions for summary judgment.

The parties appear to be in agreement that this case, like the prior case, is amenable to disposition on cross-motions for summary judgment based on the administrative record. Plaintiff's main concern appears to be with delay. He originally argued that defendants may seek to alter the administrative record, causing months more delay in a decision by this court. This concern has now been mooted by the parties' agreement to proceed on the prior administrative record without modification to that record. Further, defendants have proposed an expedited briefing schedule for cross-motions in this case, to which plaintiff does not appear to object in the event that the court denies his motion. *See* Joint Case Management Statement, Docket No. 31. The court agrees that because this is a new case filed after a dismissal without prejudice in the prior case, the parties should be permitted to file new cross-motions. *See e.g., City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (a dismissal without prejudice under Fed. R. Civ. P. 41(a) "leaves the situation as if the action never had been filed").

## III. ORDER

For the foregoing reasons, the court denies plaintiff's motion to proceed on the previously-briefed cross-motions. The court sets the briefing schedule for cross-motions for summary judgment as follows:

---

[1] Although plaintiff's motion originally asked the court to order the parties to proceed on the administrative record in Case No. 06-04174-JW, the parties have since stipulated to proceed on that record. The only question remaining is whether the parties should refile the cross-motions for summary judgment.

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED ON THE EXISTING BRIEFS—No. C-08-01592 RMW MAG
3

1     September 29, 2008: Plaintiff files motion for summary judgment

2     October 17, 2008: Defendants file combined opposition and cross-motion for summary judgment

3     October 31, 2008: Plaintiff files combined opposition and reply

4     November 7, 2008: Defendants file reply

5     November 21, 2008: Hearing on cross-motions

As it does not appear that there are further case management issues, the court hereby vacates the case management conference and the hearing on the instant motion currently scheduled for September 12, 2008. The parties should contact the court's clerk, Jackie Garcia, at (408) 535-5375 if they wish to keep the case management conference on calendar.

DATED:    9/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

James L. Buchal         counsel@buchal.com,ccaldwell@mbllp.com
Andrea Mocsny Miller    amiller@NMLawFirm.com

**Counsel for Defendants:**

Robert Pendleton Williams    robert.p.williams@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 9/8/08                             JAS
                                    **Chambers of Judge Whyte**